# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2533

_____

American Cleaners and
Laundry Co., Inc.,

            Appellant,

    v.

Textile Processors, Service Trades,
Health Care, Professional and
Technical Employees International
Union Local 161; Textile Processors,
Service Trades, Health Care,
Professional and Technical Employees
International Union Local 108; Textile
Processors Local No. 108 Pension
Fund; Noel Beasley, Trustee of the
Local No. 108 Pension Fund; Mark
Rosen, Trustee of the Local No. 108
Pension Fund; Mark Birenbaum,
Trustee of the Local No. 108 Pension
Fund; UNITE HERE National
Retirement Fund; Noel Beasley,
Trustees of the UNITE HERE National
Retirement Fund; Harold Bock,
Trustees of the UNITE HERE National
Retirement Fund; Mark Fleischman,
Trustees of the UNITE HERE National
Retirement Fund; John Gillis, Trustees
of the UNITE HERE National
Retirement Fund; Christine Kerber,
Trustees of the UNITE HERE National
Retirement Fund; David Melman,

Appeal from the United States
District Court for the Eastern
District of Missouri.

[UNPUBLISHED]

Trustees of the UNITE HERE National   *
Retirement Fund; Warren Pepicelli,   *
Trustees of the UNITE HERE National   *
Retirement Fund; Bruce Raynor,   *
Trustees of the UNITE HERE National   *
Retirement Fund; Harris Raynor,   *
Trustees of the UNITE HERE National   *
Retirement Fund; Edgar Romney,   *
Trustees of the UNITE HERE National   *
Retirement Fund; Richard Rumelt,   *
Trustees of the UNITE HERE National   *
Retirement Fund; Lynn Talbott,   *
Trustees of the UNITE HERE National   *
Retirement Fund,   *
  *
    Appellees.   *

_____

Submitted: September 21, 2009
Filed: December 16, 2009
_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

This is a dispute between an employer, American Cleaners and Laundry Company, and two union-based pension funds–Local Number 108 Pension Fund and its trustees, and the UNITE HERE National Retirement Fund (the retirement fund) and its trustees. Originally two unions with which American Cleaners has or, at least, had collective bargaining agreements (CBA)–Local 108 and Local 161–were also involved in the dispute and are listed in the case caption. Although several of the underlying facts of this dispute are not entirely clear, American Cleaners was obligated at one point in time to pay to a pension fund $.05 per hour worked for each employee

-2-

covered by the CBA with Local 161. At some juncture thereafter, a dispute ensued between American Cleaners and the above-listed parties concerning the Local 161 payments.

American Cleaners commenced this lawsuit, as relevant here, requesting, among other things, the district court to declare that "American Cleaners does not now have, nor has ever had, an obligation to make contributions" to the retirement fund. Second Amended Complaint, ¶ 41(c). The district court[1] noted that the Complaint actually sought a declaration that American Cleaners was not subject to pension payment liability for withdrawal from the retirement fund's plan. Because claims or disputes about withdrawal liability are subject to the mandatory arbitration provisions of 29 U.S.C. § 1401, the district court dismissed the case. On appeal, American Cleaners argues that the district court erred because it was not seeking declaratory relief regarding withdrawal liability, but instead was seeking a declaration that it was not an "employer" within the meaning of the Multiemployer Pension Plan Amendments Act (MPPAA), 29 U.S.C. §§ 1381-1453.

We review the district court's Rule 12(b)(6) dismissal order de novo. Neighborhood Enters., Inc. v. City of St. Louis, 540 F.3d 882, 884 (8th Cir. 2008). Section 1401 states that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 though 1399[2] of this title shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). American Cleaners seeks to avoid these mandatory provisions, arguing that its claims are based upon the Labor Management Relations Act rather than the MPPAA and that

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

[2]These statutes pertain to an employer's liability for withdrawal from a pension plan covered by the Employee Retirement and Income Security Act (ERISA). See 29 U.S.C. §§ 1381-1399.

any claims impacting pension withdrawal liability encompass only the question of whether American Cleaners is an "employer" within the meaning of the MPPAA. See, e.g., Rheem Mfg. Co. v. Central States, SE and SW Areas Pension Fund, 63 F.3d 703, 705-06 (8th Cir. 1995) (holding that a district court had jurisdiction to decide whether a manufacturer who leased truck drivers from a third-party entity was the "employer" of the drivers for the purpose of the MPPAA, where the third party was the signatory to the CBA and solely responsible for contributions to the pension fund). We disagree with American Cleaner's analysis and find that the district court correctly divined the essence of American Cleaners' complaint. As framed, it describes a quarrel over withdrawal liability making the dispute mandatorily arbitrable. And, we also disagree with American Cleaners' assertion that this case falls within the narrow exception to arbitration set forth in Rheem. Dismissal of the action was correct.

Accordingly, we affirm.

_____